UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| DAVID DONNELL WELLS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 7:22-cv-01268-LSC-SGC |
| PHYLLIS COX, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The magistrate judge entered a report on May 31, 2023, recommending the dismissal of this action without prejudice under 28 U.S.C. § 1915A(b) because the plaintiff, David Donnell Wells, failed to state a claim upon which relief can be granted. (Doc. 15). On June 29, 2023, the court received a letter from Wells dated June 22, 2023, stating that he had been transferred to a new prison and asking the court not to dismiss his claims. (Doc. 16). The Report and Recommendation was resent to Wells at his new address, and Wells was given another 14 days to object. (Doc. 17). The court, however, has received no further filings from Wells.

In her report, the magistrate judge noted Wells provided only limited factual allegations to support his claim that the defendant, Phyllis Cox, was deliberately indifferent to a serious medical need in violation of the Eight Amendment, despite being afforded multiple opportunities to amend his complaint. (Doc. 15 at 5-6).

Accordingly, she recommended the court dismiss Wells's Eighth Amendment claim because he failed to (1) sufficiently describe the nature of his injuries, (2) allege Cox knew he was at risk of serious harm, and (3) explain why the alleged lack of follow-up treatment harmed him. (Doc. 15 at 7-8). She also recommended Wells's Fourteenth Amendment claim be dismissed because he did not allege Cox was in any way involved in the alleged physical abuse. (Doc. 15 at 8).

Wells does not substantively respond to the magistrate judge's analysis. Instead, he simply states he has provided all the information he has "on who, what, and where took place in the incident." (Doc. 16). He again refers the court to records that he believes are held by the Fayette County Hospital and the Pickens County Sherriff's Office. Wells also asks the court not to dismiss his complaint because he says he does not understand what he is reading and needs counsel. The court, however, already denied Wells's request for appointment of counsel because as a civil litigant, he does not have an absolute constitutional or statutory right to counsel, and because the nature of his claims are not so novel or complex as to require the assistance of an attorney. (Doc. 7 at 3).

The magistrate judge previously explained to Wells what facts were needed to state a claim for deliberate indifference to serious medical needs. (*See* Doc. 7 at 5-6). Wells was given multiple opportunities to amend his complaint to provide the

2

necessary detail (*see* Docs. 7, 11, 13), but he failed to do so. His objection demonstrates that any further attempt at amending his complaint would prove futile.

After careful consideration of the record in this case and the magistrate judge's report, the court **ADOPTS** the report and **ACCEPTS** the recommendation. (Doc. 15). Consistent with that recommendation and 28 U.S.C. § 1915A(b), this action is due to be dismissed without prejudice for failing to state a claim upon which relief can be granted.

A final judgment will be entered.

**DONE** and **ORDERED** on July 28, 2023.

_____
L. Scott Coogler
United States District Judge

160704